IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT

2008 AUG -6 AM II: 40

CLERK _____
SO. DIST. OF GA.

| | | |
|---|---|---|
| LINDA J. PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 307-053 |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Linda J. Phillips ("Plaintiff") appeals the decision of the Commissioner of Social
Security ("Commissioner") denying her application for Period Disability Insurance Benefits
("DIB") under the Social Security Act ("SSA"). Upon consideration of the briefs submitted
by both parties, the record evidence, and the relevant statutory and case law, the Court
**REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **REVERSED**
and that the case be **REMANDED** for further consideration by the Commissioner consistent
with this opinion.

### I. BACKGROUND

Based upon claims of disability resulting from disorders of the neck, shoulder, arms,
and collar bones, as well as bi-polar disorder and depression dating back to February 17,
2003, Plaintiff applied for DIB on May 13, 2004. Tr. ("R."), pp. 61, 65 & 139. The

Commissioner denied Plaintiff's original claim, and her request for reconsideration. R. 33–36 & 38–41. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). R. 31. On June 22, 2006, Plaintiff, who was represented by counsel, appeared and testified, along with a vocational expert. R. 429-65. Thereafter, the ALJ rendered an unfavorable decision dated August 25, 2006. R. 15-22.

Applying the five-step sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity at any time relevant to the ALJ's decision (20 CRF 404.1520(b) and 404.1571 *et seq.*).

2. The claimant has the following severe impairments: cervical radiculopathy and cervical spondylosis, status post cervical discectomy, decompression and fusion, a major depression disorder with psychotic features or a bipolar disorder and an anxiety neurosis with agoraphobia, panic and obsessive compulsive traits (20 CFR 404.1520(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

4. The claimant has the residual functional capacity to lift and carry twenty pounds occasionally and less than ten pounds frequently. She can stand or walk for six hours per eight-hour workday and can sit for six hours per workday. The claimant can occasionally climb ramps and stairs, stoop, crouch, kneel and crawl, but can never balance or climb ladders, ropes and scaffolds. She can occasionally reach overhead and push or pull with her arms and legs. The claimant must totally avoid vibration and hazards such as unprotected heights and moving machinery. She has limited, but satisfactory abilities to understand, remember and carry out simple, detailed and complex instructions, interact appropriately with the public, supervisors and co-workers, use judgment, make work decisions and adapt to stress and changes. The claimant is capable of performing past relevant work as a cashier. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

R. 17-22. Because the ALJ determined that Plaintiff could perform her past relevant work as a cashier, as generally performed in the national economy, the sequential evaluation process stopped, see 20 C.F.R. § 404.1520(a)(4)(iv), and the ALJ concluded that Plaintiff "has not been under a 'disability,' as defined in the [SSA], from February 17, 2003 through the date of [the] decision (20 CFR 404.1520(f))." R. 21-22.

When the Appeals Council ("AC") denied Plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner. R. 4-6. Having failed to convince the AC to review her case, Plaintiff then filed the above-captioned case, requesting a reversal or remand of that adverse decision. Plaintiff now argues that the ALJ erroneously: (1) determined that she could perform her past relevant work even though she cannot perform all of the requirements of that work, and (2) failed to consider all of her impairments in combination when assessing her residual functional capacity ("RFC"). (Doc. no. 9, Pl.'s Br., pp. 19-23; doc. no. 11, pp. 1-9).

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the

Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

4

### III. DISCUSSION

Plaintiff argues, *inter alia*, that the ALJ erroneously failed to consider all of her impairments in combination when assessing her RFC.[1] (Doc. no. 9, Pl.'s Br., pp. 22-23; doc. no. 11, pp. 6-9). In support of this argument, Plaintiff contends that the ALJ failed to evaluate the impact, if any, of her carpal tunnel syndrome ("CTS") when evaluating her disability. (Doc. no. 9, Pl.'s Br., p. 23; see doc. no. 11, pp. 7-8). Plaintiff maintains that, although Dr. Carlos J. Giron, one of her treating physicians, ordered EMG/NCS studies which revealed that she has bilateral CTS,[2] the ALJ's decision does not address any limitation related to the use of her hands.[3] (Doc. no. 9, Pl.'s Br., pp. 22-23; doc. no. 11, pp.

---

[1]Social Security Ruling ("SSR") 96-8p identifies and discusses, *inter alia*, what must be considered at step four of the sequential evaluation process in order to assess a claimant's RFC and ability to do past relevant work. "RFC is what an individual can still do despite his or her limitations." SSR 96-8p. "RFC is assessed by adjudicators at each level of the administrative review process based on all of the relevant evidence in the case record, including information about the individual's symptoms and any 'medical source statements' -- i.e., opinions about what the individual can still do despite his or her impairment(s)." Id. "In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments . . . ." Id.

[2]Specifically, Dr. Giron stated, "EMG/NCS revealed bilateral [CTS], but no evidence of cervical radiculopathy, upper extremity muscle tone is diminished." R. 396.

[3]Dr. Giron treated Plaintiff's neck, arm, and headache pain at the Pain Institute of Georgia, LLC, from March 25, 2004 until February 9, 2005. R. 234-53. Although it is well-established that, in the Eleventh Circuit, a treating physician's opinion must be given substantial weight, Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (*per curiam*), the argument about Dr. Giron's treatment records goes to a more basic premise concerning the duty of the Commissioner to consider the entire record. As initially noted in Part II, *supra*, a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter, 791 F.2d at 1548. "It is not enough to discover a piece of evidence which supports that decision, but to disregard other contrary evidence. The review must take into account and evaluate the record as a whole." Id.; see also Martin v. Heckler, 748 F.2d 1027, 1033 (11th Cir. 1984) (rejecting the misuse of one set of positive test results, to the exclusion of all other evidence of record, to find claimant not disabled).

6-8). "The Commissioner concedes that Dr. Giron reported that testing revealed [CTS]," but counters that this was a "one-time diagnosis," the record does not contain any other mention of CTS, Dr. Giron did not include CTS in his diagnostic impressions, Plaintiff never presented any complaints concerning her hands to any treating physician, and the record lacks evidence showing limitations related to Plaintiff's hands.[4] (Doc. no. 10, p. 9). As explained, *infra*, Plaintiff has the better argument, and thus, the Court need not address her remaining claim of error.

Plaintiff correctly argues that the ALJ must "consider not only the disabling effect of each of [her] ailments individually, but also the combined effect of all of [her] impairments." Wiggins, 679 F.2d at 1392. As the Eleventh Circuit has explained:

> [W]here, as here, a claimant has alleged a multitude of impairments, a claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling. In such instances, it is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled.

Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984).

In this case, "[t]he Commissioner concedes that Dr. Giron reported that testing revealed [CTS]."[5] (Doc. no. 10, p. 9). However, the ALJ's opinion does not mention that Dr. Giron noted, "EMG/NCS revealed bilateral [CTS]." R. 396. If Plaintiff's "EMG/NCS"

---

[4]Plaintiff replies, *inter alia*, that she complained about decreased sensation in her distal upper extremities beginning in March 2004, she complained about her hands to Dr. Giron and other physicians, the record contains evidence of limitations related to the use of her hands, and the ALJ failed to either acknowledge that she suffered from CTS or impose any manipulative limitations beyond overhead reaching. (Doc. no. 11, pp. 6-9).

[5]Nevertheless, as previously noted, the Commissioner submits that this was a "one-time diagnosis" not otherwise supported by the record. (See doc. no. 10, p. 9).

results were immaterial, the ALJ's failure to consider the results might not be erroneous. See

Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (*per curiam*) (explaining that there

is no rigid requirement that the ALJ specifically refer to every piece of evidence in his

decision). However, as Plaintiff correctly points out, the ALJ's assessment of her disability

should have included a consideration of the combined effect of all of her impairments. (Doc.

no. 9, Pl.'s Br., pp. 22-23; doc. no. 11, pp. 6-9). When confronted with evidence of

conditions, the ALJ must consider their combined effect and the ALJ's opinion should reflect

the findings in that regard. Wiggins, 679 F.2d at 1392; see also Davis v. Shalala, 985 F.2d

528, 533 (11th Cir. 1993) (holding that "the ALJ erred when he did not consider whether the

combination of [the plaintiff's] alleged allergies and mild carpal tunnel syndrome imposed

'significant' limitations on her functional abilities . . . .").

Here, the ALJ acknowledged that Plaintiff has been diagnosed with, *inter alia*,

cervical radiculopathy, cervical spondylosis, status post cervical discectomy, as well as

decompression and fusion. R. 17-21. Although Dr. Giron noted, "EMG/NCS revealed

bilateral CTS," the ALJ did not mention CTS in the opinion or consider the potential

combined effect of Plaintiff's conditions in conjunction with this finding. Nevertheless,

relying on SSR 96-8p, the Commissioner argues that the ALJ properly determined that

Plaintiff was not limited in the use of her hands because this was a "one-time diagnosis," the

record does not contain any other mention of CTS, Dr. Giron did not include CTS in his

diagnostic impressions, Plaintiff never presented any complaints concerning her hands to any

treating physician, and the records lacks evidence showing limitations related to Plaintiff's

hands. (Doc. no. 10, p. 9). However, examination of the record reveals that Plaintiff

complained to Dr. Giron about "numbness and tingling in both her hands" and "dropping

things again" on March 25, 2004 and February 9, 2005, respectively. R. 251 & 234. Furthermore, during an examination with Dr. Marvin L. Long, a consulting psychologist, on October 25, 2005, Plaintiff again reported that "she has numbness in her hands and drops things." R. 325. Moreover, on November 28, 2005, Plaintiff complained about "bilateral hand pain," muscle spasms in her hands, and difficulty grasping. R. 317. During that examination, Dr. Jeffrey A. Fried, a consulting physician, noted that Plaintiff exhibited weakness in her hands, that "[s]he has evidence of arthritis involving the DIP joints of the hands," and that she has difficulty grasping. R. 317 & 320. Regardless of whether the record contains any other mention of CTS or whether Dr. Giron listed CTS among his diagnostic impressions, the fact remains that he noted, "EMG/NCS revealed bilateral [CTS]," and that the ALJ did not acknowledge this finding or consider the potential combined effect of Plaintiff's conditions in conjunction with this finding. As Plaintiff correctly notes, "remand is required when 'an ALJ fails to consider properly a claimant's condition despite evidence in the record of the diagnosis.'" (Doc. no. 11, p. 7 (citing Vega v. Comm'r of Soc. Sec., 265 F.3d 1214, 1219 (11th Cir. 2001))).[6]

---

[6]In Vega, the plaintiff argued, *inter alia*, that the ALJ erred by failing to make a finding that she suffered from chronic fatigue syndrome ("CFS"). Vega, 265 F.3d at 1219. Conversely, the Commissioner maintained that the references in the medical records did not constitute a diagnosis of CFS and that the plaintiff failed to provide any credible medical evidence in support of any work-related limitations. Id. Addressing those contentions, the Eleventh Circuit explained that, because the medical records indicated that the plaintiff was diagnosed with CFS, the ALJ should have acknowledged it in his evaluation and discussed why he disregarded it. Id. Furthermore, the Eleventh Circuit held that remand was required because the ALJ failed to properly consider the CFS diagnosis or evaluate the effect of its symptoms on the plaintiff's ability to work. Id. Similarly, here, the medical records demonstrate, "EMG/NCS revealed bilateral [CTS] . . . ." R. 396. However, the ALJ failed to acknowledge CTS in the opinion or evaluate its effect on Plaintiff's ability to work.

It is not enough that the Court might agree with the ALJ's ultimate conclusion. "The weighing of evidence is a function of the factfinder, not of the district court." Graham v. Bowen, 790 F.2d 1572, 1575 (11th Cir. 1986). The ALJ is required to render a decision showing that he applied the correct legal standards and considered the evidence as a whole. As a result, the instant case must be remanded for further consideration in accordance with the Court's opinion.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** for further consideration by the Commissioner consistent with this opinion.

SO REPORTED and RECOMMENDED this _6th_ day of August, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE